UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Angel Sanchez

    v.                                                               Case No. 23-cv-513-SE-TSM

Helen Hanks, Commissioner, N.H. Department
of Corrections, et al

## REPORT AND RECOMMENDATION

Plaintiff Angel Sanchez, proceeding in forma pauperis, filed a complaint (doc. no. 1) pursuant to 42 U.S.C. § 1983 against the defendants,[1] employees of the New Hampshire Department of Corrections ("DOC"), asserting claims for violations of his federal constitutional rights. His complaint is before the undersigned Magistrate Judge for preliminary review. See LR 4.3(d)(2); see also 28 U.S.C. § 1915(e)(2).

## PRELIMINARY REVIEW STANDARD

This court conducts a preliminary review of complaints filed in forma pauperis. See 28 U.S.C. § 1915A(a); LR 4.3(d)(1). Claims may be dismissed sua sponte if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See id. In considering whether the complaint states a claim, the court determines if, stripped of legal conclusions and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S.

---

[1] The following individuals are named as defendants in the complaint (doc. no. 1): New Hampshire Department of Corrections ("DOC") Commissioner Helen Hanks, New Hampshire State Prison Warden Michelle Edmark, DOC Investigator Ward (whose first name is unknown ("FNU")), and DOC Investigator FNU Keane.

662, 678 (2009) (citation omitted). In undertaking this review, the court is mindful that pro se complaints must be construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## BACKGROUND

On May 3, 2023, DOC Investigator Ward conducted a search of incoming legal mail to the New Hampshire State Prison ("NHSP"). Included in the mail was a legal envelope addressed to Sanchez from the N.H. Circuit Court, 9th Circuit in Manchester. Based on his training and experience, Investigator Ward suspected the envelope was fraudulent. He called the court in question, which confirmed it did not send the envelope. Investigator Ward opened the envelope and, amongst legal paperwork, found three pages of paper that were "off color." Doc. no. 1-1, at 1 ¶ 16.[2] Based on training and experience, Investigator Ward recognized the stained paper as "a common method of K-2 being introduced into the facility."[3] Id.

Investigator Ward called Sanchez over to question him about the fraudulent mail. Sanchez told Investigator Ward he was expecting mail from the 9th Circuit Court in Manchester, and he signed for the suspect envelope. At that point, Investigator Ward informed Sanchez that the mail was fraudulent and that it would be held as evidence.

---

[2] Sanchez appended to his complaint several documents, including the hearing results. The court considers these documents as part of the complaint. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008) ( "Exhibits attached to the complaint are properly considered part of the pleading 'for all purposes,' including Rule 12(b)(6).").

[3] "K2 . . . [is one] of the many trade names or brands for synthetic designer drugs that are intended to mimic THC, the main psychoactive ingredient of marijuana." U.S. Drug Enforcement Admin., https://www.dea.gov/factsheets/spice-k2-synthetic-marijuana (last visited July 15, 2024).

Two days later, on May 5, 2023, Sanchez was charged with a disciplinary offense for conspiracy to possess drugs. Sanchez pled not guilty, and a disciplinary hearing was held on May 23, 2023. Investigator Ward testified at the hearing. Further, the hearing officer considered the following summarized evidence:

> The resident had mail addressed to him, when staff opened the mail it contained stained paper mixed in with his legal paperwork. This is consistent with drug paraphernalia [sic]. This resident has had 2 other 27A's in the last 14 months. I reasonably believe more likely than not that the resident is guilty of the charge.

Id. at 1 ¶ 18.[4] Sanchez was found guilty and received the following sanctions: fifteen days in punitive segregation, suspended for 180 days if he remains disciplinary-free; ninety days loss of recreation, canteen and electronics; and thirty days loss of Category I (visits) and 365 days loss of Category II visits. Additionally, DOC officials upgraded plaintiff to a higher classification level for six months with a ninety-day review if plaintiff remained disciplinary free. See Doc. No. 1, at 2 ¶ 6.

On May 30, 2023, Sanchez appealed the guilty finding. According to Sanchez, pursuant to "N.H.S.P. guidelines," defendants had fifteen business days to respond to his "first level" appeal, and yet, they did not respond until September 7, 2023. Sanchez states that he filed his "second level" appeal on August 17, 2023. Sanchez alleges that although the "guidelines" provide defendants twenty business days to respond to a "second level" appeal, defendants had not responded by the time Sanchez initiated this lawsuit.

In his lawsuit, Sanchez alleges that defendants "violated the grievance appeal process, alon[g] with [his] due process rights and 8th and 14th Amendments." Additionally, Sanchez alleges that defendants violated his constitutional rights by relying on Investigator Ward's training and

---

[4] According to the disciplinary hearing report, a "27A" is "Possession of drugs. . . etc." Doc. No. 1-1, at 1.

3

experience rather than the other "multiple methods to identify suspected substances." Finally, Sanchez alleges that the sanctions imposed amounted to cruel and unusual punishment, in violation of the Eighth Amendment.

## DISCUSSION

Sanchez alleges that at the disciplinary hearing, defendants deprived him of due process in violation of his Fourteenth Amendment rights and imposed a sanction which amounted to cruel and unusual punishment, in violation of the Eighth Amendment.

### I. Claims

This court identifies the claims asserted as follows:

1. Defendants violated Sanchez's Fourteenth Amendment right to due process by subjecting him to a disciplinary hearing which relied on Investigator Ward's testimony to identify evidence of "stained pages" as drugs, rather than testing the stained pages;

2. Defendant violated Sanchez's Fourteenth Amendment right to due process by failing to adhere to the N.H.S.P. guidelines controlling the grievance appeal process;

3. Defendants violated Sanchez's Eighth Amendment right not to be subject to cruel and unusual punishment by imposing extraordinary sanctions following the disciplinary hearing, including an upgrade in Sanchez's classification status.

### II. Due Process Claims

Sanchez alleges violations of his Fourteenth Amendment rights during the May 23 disciplinary proceeding and the appeal procedures which followed. He argues the disciplinary proceeding and Defendants' failure to follow the grievance appeal process did not satisfy the minimum requirements of procedural due process.

"A prisoner is entitled to due process protections only where he alleges that he was deprived of a constitutionally protected interest in life, liberty, or property." Hart v. Goulette, No. 16-CV-

028-PB, 2016 U.S. Dist. LEXIS 118156, at *13, 2016 WL 4575581, at *5 (D.N.H. July 22, 2016) (citing Mathews v. Eldridge, 424 U.S. 319, 332 (1976)), R&R approved, No. 16-CV-28-PB, 2016 U.S. Dist. LEXIS 118155, at *1 2016 WL 4574662, at *1 (D.N.H. Aug. 31, 2016). "The Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" Sandin v. Connor, 515 U.S. 472, 480 (1995) (citation omitted). Protected liberty interests, for a prisoner challenging the imposition of sanctions through disciplinary proceedings, are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 484 (internal citations omitted).

By alleging a due process violation, Sanchez alleges that the sanctions at issue exposed him to an atypical or substantial hardship in relation to the ordinary incidents of prison life, or otherwise exceeded the scope of his sentence. Sanchez alleges that, because of a disciplinary hearing and appeal in which he was denied certain due process protections, he was sanctioned with a change in classification status; removal of recreation, canteen, and electronic privileges; as well as restrictions to his visits. The sanctions Sanchez describes are not so severe as to constitute an "atypical and significant hardship in relation to the ordinary incidents of prison life." See Sandin, 515 U.S. at 484 (thirty days in punitive segregation did not implicate liberty interest sufficient to invoke due process protections); Henry v. Dep't of Corr., 131 F. App'x 847, 850 (3d Cir. 2005) (permanent restriction on contact visits as sanction for drug-related disciplinary offense was not atypical hardship); Towle v. Eldridge, No. 11-CV-293-SM, 2011 WL 6965471, at *3 (D.N.H. Dec. 20, 2011) (punitive change to PAR status in SHU for forty-nine days, seventy-five days loss of phone and canteen privileges, seventy-five hours of extra duty, ten days in punitive segregation,

and reclassification to a higher custody level was not atypical and significant hardship), R&R adopted, No. 11-CV-293-SM, 2012 WL 40458 (D.N.H. Jan. 6, 2012).

Sanchez has, therefore, failed to state a claim that he suffered any deprivation of a protected liberty interest because of the disciplinary proceeding or the alleged procedural deficiencies related to his appeal. See Sandin, 515 U.S. at 485 ("Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law."). Accordingly, Sanchez cannot assert a due process violation based on the deprivation of any liberty interest.

### III. Conditions of Confinement

The Eighth Amendment entitles convicted prisoners to prison conditions that afford them the "minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). As described above, Sanchez has not alleged that he was denied food, shelter, adequate clothing, medical or mental health care, access to basic hygiene, or any other item necessary for civilized living. Although apparently unpleasant, Sanchez was not deprived of anything so necessary, or deprived of privileges for such duration, that there existed a "sufficiently serious" deprivation to garner the protection of the Eighth Amendment. See id. Accordingly, Sanchez's Eighth Amendment claim should be dismissed.

### CONCLUSION

For the foregoing reasons, the Court recommends that the District Judge dismiss Sanchez's complaint in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st

Cir. 2016). Only those issues raised in the written objections to this R&R "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

July 29, 2024

cc:   Angel Sanchez, pro se